Olin, J.,
read the following dissenting opinion:
I feel constrained to dissent from the opinion of the majority of the court, aud assign for such dissent, briefly, the following reasons:
*599 It appears to me that there can be but two or three questions in this case—
1st. Is the contract into which the plaintiffs entered usurious and void ? This court has repeatedly held the contrary, and that decision but follows the authority of the highest courts in New York, Maryland, and every other State in the Union, so far as I am informed, where these associations have existed and their legality has been questioned. These, in the main, are voluntary associations; their constitution and by-laws constitute the agreement into which the members enter. It is difficult to see how usury can be predicated of an agreement in which the borrower as well as the lender has a fall interest in the fruits of the alleged usury. But I believe that we are nearly all agreed that the contract between the association and its members is not usurious.
2d. No one has argued that these associations are against public policy. On the contrary, I think, when properly conducted, they are far more beneficial than the ordinary institutions of savings-banks. The only ground of interference with these contracts by a court of equity is, as I understand it, that the constitution and by-laws, which constitute the contract between the association and its members, makes a very hard contract for the stockholder who fails to perform it by paying up his monthly dues at the time agreed upon, and a very good contract for the stockholder who does pay up his monthly dues, inasmuch as in the former case the stockholder who fails to pay his monthly dues (usually one dollar on each share) agrees to pay the additional sum of ten cents per month for each share unpaid by him to the association. This latter agreement is regarded, as I understand it, by a majority of the court, as a fine or penalty, which, it is said, a court of equity is empowered to relieve against. In my judgment, it is in no proper sense what is commonly understood to be a fine or penalty, but is simply a provision of the contract, made as much for the benefit of the stockholder as for that of the association.
3d. The grounds upon which this court, in the exercise of equity jurisdiction, assumes to interfere is, that the contract entered into by becoming a member of the association is a very good contract for one who takes shares in it and pays *600 up the monthly dues at the time he agrees to pay them, but a. hard contract for one who omits to do that. This may be true, and it may be an unwise contract for any one to enter into who does not intend to perform it, or who is unable to do so; but in either event there is no ground for equity interfering to set the contract aside. If men, able to contract and be contracted with, enter into a contract which is not in violation of the common or statute law, or against public policy, I know of no power in a court of equity or other court to set that contract aside, in case where no mistake had been made or fraud or imposition practiced. To hold otherwise would subject every contract to the crucible of an equity court; and, if the justice should conceive that he could have made a better contract for one of the x>arties, he is authorized to declare the contract void,, and relieve one of the parties from the obligations of it. Such is neither the rule of the common law nor of a court of equity. A court of equity, as well as a court of common law, is bound to' enforce the terms of a contract in all cases where such contract is entered into by parties competent to contract, and which contract is not void by statute, and is n.ot against public policy, and has not been obtained by mistake, fraud, or imposition.